FILED
CLERK, U.S. DISTRICT COURT

APR 1 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULEIMAN A. QAZZA, | NO. CV 12-3128-DSF(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| IN THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## PROCEEDINGS

On April 10, 2012, Petitioner filed a "Petition for Write [sic] Error Coram Nobis" ("the Petition").  It plainly appears from the face of the Petition that Petitioner is not entitled to relief from this Court.  For the reasons discussed below, the Petition is denied and dismissed without prejudice.

///

///

///

///

**BACKGROUND**

Petitioner, currently a resident of Jordan, seeks to challenge a conviction that occurred many years ago in Los Angeles County Superior Court (Petition at 1, 4).  According to Petitioner's "Coram Nobis" Petition, Petitioner previously served a probationary sentence for the conviction, but now seeks an order vacating the conviction and requiring a "Refund of court imposed Fines and Attorney Fees" (Petition at 1-3).

**DISCUSSION**

"Coram nobis relief is not available in federal court to attack a state court conviction."  Casas-Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006), cert. denied, 549 U.S. 1169 (2007) ("district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir. 1972), reversed on other grounds, 411 U.S. 345 (1973) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court.  Coram nobis lies only to challenge errors occurring in the same court"); Hall v. McEwen, 2010 WL 3985179, at *2 (C.D. Cal. Oct. 6, 2010) (same).  Accordingly, Petitioner's "Coram Nobis"

1   Petition fails at the threshold.   <u>Id.</u>

2

3        If, notwithstanding the title of the Petition, this Court were to

4   construe the Petition as a petition for writ of habeas corpus under

5   28 U.S.C. section 2254, the result would be the same.   Subject matter

6   jurisdiction over habeas petitions exists only where, at the time the

7   petition is filed, the petitioner is "in custody" under the conviction

8   challenged in the petition.   <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91

9   (1989); 28 U.S.C. §§ 2241(c), 2254(a).   A habeas petitioner does not

10  remain "in custody" under a conviction once the sentence imposed for

11  the conviction has "fully expired."   <u>Maleng v. Cook</u>, 490 U.S. at 492.

12  Petitioner previously completed service of the sentence for the

13  conviction challenged in the present Petition.   Thus, Petitioner was

14  not "in custody" under the challenged conviction at the time he filed

15  the present Petition.   Accordingly, habeas jurisdiction is

16  unavailable.   <u>Id.</u>

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**ORDER**

    For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.


    LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: _____April 16_____, 2012


_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE


PRESENTED this 12th day of

April, 2012, by:


_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4